Good morning, Your Honors. May it please the Court, my name is Neha Mehta. I represent Mr. Esteban Raygosa-Esparza. The issue I'd like to focus on with the Court this morning is whether or not, considering all the circumstances of the case, Mr. Raygosa received a reasonable sentence. In sentencing the defendant, Judge Fellow spoke about the seriousness of the offense in general. She pointed out generally that it's dangerous for there to be drugs in prison. Generally, this was a serious offense. However, she did not give adequate consideration to Mr. Raygosa's particular role in this conspiracy. Mr. Raygosa was indicted because he served as a middleman and a communication device between the main co-defendant, Mr. Velarde, and the confidential informant, Mr. Williams. He did not do anything more than that. A large part of this conspiracy took place outside the walls of the prison. Ms. Mehta, is that the way to pronounce it? Yes. At the very minimum, in giving you all of the argument in your favor, your client was at least convicted of two counts of conspiracy to deal in marijuana or something like that. Is that right? That is correct. He was convicted of conspiracy to distribute and also attempting to obtain narcotics in prison. Let's suppose that the convictions were only for marijuana and we don't have to worry about anything else. As I read section 1791C, when you have a sentence imposed pursuant to that section, if it's a controlled substance, and 812C10 talks about marijuana being a controlled substance, if it is, then 1791C says that the sentences must run consecutively. And how do you get around that? I mean, that seems to be the end of your case. Well, that is correct, Your Honor, but I do believe that also the district court has discretion. Even though the statute says they have to run consecutively? Well, I think that's where the conflict is. And I think the more important consideration for the Court is whether or not the sentence of 120 months was reasonable, even if applied consecutively or concurrently. My argument and my position today is that it was unreasonable, given light of all the circumstances in the case. Well, that would be the argument to Congress, I guess, to not make them consecutive. Well, the judge was free, even if she was bound to run the sentences consecutively. She could have definitely gone lower than what she imposed, which was the statutory maximum on both counts. Oh, I see. Maybe you could give a sentence of two years each and have those run consecutively, and you got a four-year sentence. That's one way to do it, Your Honor. Okay. All right. I just wondered about that. So you're really saying 10 years is just too much for what your client did? That's exactly what I'm saying. It's a substantive and it's an abuse of discretion standard, correct? It is an abuse of discretion standard, which I acknowledge is a hard standard to overcome, but I do want to point out the particular factors that weren't adequately considered by the Court, particularly his role and also the fact that such a small amount of drugs were involved in this case, which I don't think was considered at all at sentencing. We're talking about an amount that could be fit inside of a balloon. If this is a case that did not occur in federal prison, this probably would not even be a federal case. I would also point out that the guidelines themselves is not mandatory, obviously, and would be another example of what particularly could have been reasonable if the judge is able to impose concurrent sentences. The judge did give undue weight to the fact that it was a career offender and the fact that this offense did occur in prison. However, those are two factors that the guidelines take into consideration, and instead the judge went straight to the statutory maximum, in my view, which suggestively could be reserved to the worst of the worst. And again, looking at what his involvement was in this conspiracy, I don't think that warranted the statutory max imposed. Well, she looked at the count of convictions, she looked at the career offender status, she looked at the fact that it occurred in prison, and she also looked at some acquitted conduct, correct? She looked at the other drugs that Mr. Ragosa admitted having, correct? I don't believe that he ever admitted having, but there was a stipulation at trial, so if that's what you're referring to. Yeah, it's an undisputed fact for purposes of this discussion that there were other drugs besides marijuana involved. So that constellation you're saying under any circumstances still would not reasonably support the sentence that was imposed? Well, I do think that she did consider it, and if this Court was to find that she adequately considered it, even in light of the fact that all three drugs may have been involved, my argument is it was still too long of a sentence for the amount of drugs involved and the defendant's particular involvement in the case. So there were three drugs, three or four? Three drugs, heroin, meth, and marijuana, and a career offender in prison. You're saying that isn't enough under any set of facts, under any circumstances for a district judge in her discretion to impose a maximum? Well, I think this particular case had the guideline range was a lot higher because of the fact that he was a career offender and was higher because of the fact that there was this enhancement for the offense occurring inside of prison. So I do think that in light of that, it was an unreasonable sentence to impose the max on both counts concurrently. The guideline would have been enough? Yes, and I'm certainly not arguing that it's presumptively reasonable to go with the guideline because obviously that's not what case law supports, but it is a starting point. The guideline was the top of the guideline was 87 months? That is correct. All right. So it's the extra 33 months that's the problem here. I think that in light of the fact that that would have been a reasonable sentence, I would acknowledge that point. Okay. Any questions? If the Court has no more further questions, I'll reserve a couple minutes should it be necessary for rebuttal. Thank you. Thank you. May it please the Court. I am Assistant United States Attorney Sherry Pim representing the United States in this matter. Going to the issue of whether or not the sentence in this case was substantively reasonable, whether or not the Court might have found that an 87-month sentence would have been reasonable, what the district court here did find and went through exhaustively, all of the factors at issue in this case, including the seriousness of the offense, the defendant's criminal history, and the relative rules of the offenders here, what the district court found was that a sentence within the guideline range of 70 to 87 months was not reasonable. She found that that did not adequately account for all of those factors. And that, giving deference to that decision, I submit that that is a substantively reasonable sentence under all the factors in this case. The defendant's criminal history was extremely serious. He was a career offender, of course, based on that criminal history. And the offenses that accounted for his career offender status included an endangerment offense that actually involved shooting at another person and a heroin trafficking case where he had a 924C enhancement for having a firearm with him at the time of that offense. So this is an offender with a violent criminal history as well as a history of drug trafficking. The Court did look at his role in this case. The Court acknowledged the defense effectively argued he's just a middleman. And the Court acknowledged, yes, he's a middleman, but found that that, in fact, was a serious – that he played a significant role as a middleman in this case, that he did a number of things to carry out this offense. So – and then looked at the drugs involved. And as stated in the papers, it was proper for the Court to consider all three drugs involved in this offense. And looking at the drugs involved, the heroin and the methamphetamine, as well as the marijuana, and looking at what those drugs do in prison, what kind of crimes those can lead to in prison, the Court found that a sentence in the range of 70 to 87 months was not sufficient for this defendant, and looked at him in comparison also to the other defendant sentenced in this case. So on that issue, I have nothing further to add. If the Court has any questions. Otherwise, I'll submit on that.
judges: Pregerson, Thompson, Fogel